IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WAGONER,

      Plaintiff,                        No. CIV S-05-1279 DFL GGH P

   vs.

CAROL DALY, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.84 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

Named as defendants are Board of Prison Term (BPT) Commissioners Daly and Harmon, Governor Schwarzennegger, former Governors Wilson and Davis, District Attorney Arias and California Supreme Court Justices Chin, Brown, George and Baxter. Plaintiff seeks only injunctive and declaratory relief.

Plaintiff claims that defendant Governors have followed a policy of disregarding regulations that ensure fair parole suitability hearings. Plaintiff alleges that these defendants have instead followed a policy of denying parole for all murderers. Because plaintiff is suing these defendants for injunctive and declaratory relief in their official capacities only, defendant Schwarzenneger is the proper defendant. Fed. R. Civ. P. 25(d). Accordingly, the claims against defendants Wilson and Davis are dismissed. The claims against defendant Schwarzennegger are colorable. Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

Plaintiff alleges that defendants George, Baxter, Chin and Brown improperly decided In re Dannenberg, 34 Cal.4th 1061, 23 Cal.Rptr.3rd 417 (2005). Plaintiff alleges that as a result of defendants' decision in Dannenberg, he has been improperly found unsuitable for parole.

A federal district court does not have jurisdiction to review alleged legal errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381 1411- 1412 (D. Idaho 1996). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. See Feldman, 460

1  U.S. at 486, 103 S. Ct. at 1316-1317.  Moreover, claims raised in federal district court need not
2  have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine.
3  Id. at 483-484 n. 16, 103 S. Ct. at 1315-1316 n. 16.  If federal claims are "inextricably
4  intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he
5  federal claim is 'inextricably intertwined' with the state court judgment if the federal claim
6  succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil
7  Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) (Marshall, J., concurring).

8         The 9th Circuit clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th
9  Cir.2003).  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a
10 state court, and seeks relief from a state court judgment based on that decision is barred by
11 Rooker-Feldman because the federal court lacks subject matter jurisdiction.  Id. at 1164.  If, on
12 the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by
13 an adverse party, Rooker-Feldman does not bar jurisdiction.  Id.  Even if a federal plaintiff is
14 expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a
15 legal error by the state court is the basis for that relief.  See Kougasian v. TMSL, Inc., 359 F.3d
16 1136, 1140 (9th Cir.2004).

17        Because plaintiff is alleging that defendants made an erroneous decision when
18 they decided Dannenberg, the court does not have jurisdiction to consider this claim pursuant to
19 the Rooker-Feldman doctrine.  Accordingly, this claim is dismissed.

20        Plaintiff alleges that defendants Daly and Harmon found petitioner unsuitable for
21 parole based on erroneous grounds.  In particular, plaintiff alleges that these defendants requested
22 another psychological report for plaintiff even though the psychological reports in his file
23 indicated that he was suitable for parole.  Plaintiff also alleges that defendants also improperly
24 relied on a rules violation report to find petitioner unsuitable.  Assuming those allegations are
25 procedural in nature, these allegations state colorable claims against these defendants in their
26 official capacities.  Wilkinson v. Dotson, 125 S. Ct. 1242 (2005).

1    Plaintiff alleges that defendant Arias appeared at his May 20, 2004, suitability
2 hearing and displayed bias and prejudice by arguing against parole.  In particular, plaintiff alleges
3 that defendant Arias relied solely on plaintiff's offense to argue that plaintiff should be found
4 unsuitable for parole.  Plaintiff alleges that defendant Arias testified that special circumstances
5 should have been employed in plaintiff's case, but were not.  Plaintiff does not identify what
6 specific right defendant Arias violated.  As pled, defendant Arias's conduct did not violate
7 plaintiff's constitutional rights.  That plaintiff disagreed with Arias' characterization of plaintiff's
8 offense does not render his conduct unconstitutional.

9    Plaintiff is granted thirty days to file an amended complaint.  If plaintiff does not
10 file an amended complaint, the court will order service of defendants Scharzennegger, Daly and
11 Harmon.

12    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
13 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
14 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
15 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
16 there is some affirmative link or connection between a defendant's actions and the claimed
17 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
18 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
19 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
20 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
22 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
23 amended complaint be complete in itself without reference to any prior pleading.  This is
24 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
25 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
26 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.84. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's claims against all defendants but for defendants Schwarzennegger, Daly and Harmon are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

5. Plaintiff's June 27, 2005, motion for appointment of counsel is denied.

DATED: 11/2/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDG

wag1279.b1