IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WAGONER,

    Plaintiff,                      No. CIV S-05-1279 DFL GGH P

    vs.

CAROL DALY, et al.,

    Defendants.                 <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the amended complaint filed December 7, 2005, as to defendants Scharzennegger, Harmon and Daly. Plaintiff alleges that defendants have promoted an illegal policy of denying parole to prisoners serving life sentences.

        Pending before the court is plaintiff's June 23, 2006, motion for a preliminary injunction on the merits. As relief, plaintiff seeks an order prohibiting defendants from applying the illegal policy to plaintiff at his parole suitability hearing.

        The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

1

advancement of the public interest (in certain cases)." <u>Dollar Rent A Car v. Travelers Indem. Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u> that serious questions are raised and the balance of hardships tips sharply in his favor.'" <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

<u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting <u>Martin</u>, 740 F.2d at 675).

Plaintiff's motion contains no briefing in support of the merits of his claim. Instead, plaintiff refers the court to the exhibits attached to his motion which include an analysis of the 2001 Budget for the Board of Prison Terms (BPT) and identical declarations by 11 prisoners. These declarations all state that the BPT has a secret and illegal policy of denying parole to life prisoners. The Budget analysis, which may have aided plaintiff's case quite a bit, if this were 2001 and the previous governor was still in office, is not pertinent to the present time period. At least there is no evidence presented that the referenced policy remains in effect. The declarations submitted by fellow prisoners are conclusions devoid of a legitimate factual basis, and cannot stand as proof that the present governor in 2007 maintains any such "no parole policy." Nor does the uncited case of <u>Coleman v. BPT</u>, CIV-S-96-0783 LKK PAN P aid plaintiff. Although the court in that case did find that Governor Davis had maintained a "no parole policy," Governor Davis was long ago removed from office. The case cannot stand for the

1  proposition that the present governor maintains a no parole policy.

2  Plaintiff's exhibits do not demonstrate that defendants actually have an illegal
3  policy of denying parole to life prisoners.  Because plaintiff has not demonstrated a likelihood of
4  success on the merits of his claim, the court recommends that his motion for injunctive relief be
5  denied.

6  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 23, 2006,
7  motion for a preliminary injunction be denied.

8  These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within ten days after service of the objections.  The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED:   1/23/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

20 wag1279.pi