IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WAGONER,

      Plaintiff,                           No. CIV S-05-1279 DFL GGH P

   vs.

CAROL DALY, et al.,

      Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel filed September 1, 2006.

       To put plaintiff's motions in context, the following background information is relevant. This action is proceeding on the amended complaint filed December 7, 2005, as to defendants Scharzennegger, Harmon and Daly. Plaintiff alleges that defendants have promoted an illegal policy of denying parole to prisoners serving life sentences.

September 1, 2006, Motion to Compel Production of Documents, No. 37

       In the motion to compel production of documents filed September 1, 2006 (doc. # 37) plaintiff challenges defendants' response to his first request for production of documents. Request no. 1 sought the deposition of Edmond Tong, the former Board of Prison Terms (BPT)

1

1  Commissioner, taken in Kimble v. California B.P.Y. CV 97-2752.  Defendants objected to this
2  request on grounds that it was over broad and not reasonably calculated to lead to admissible
3  evidence.  Defendants also stated that they did not have this document in their possession,
4  custody or control.
5       In the motion to compel, plaintiff does not address why the deposition transcript
6  of Edmond Tong is relevant to this action.  Because the court cannot determine the relevancy of
7  this document, the motion to compel is denied.  Moreover, the court cannot order defendants to
8  produce documents they do not have possession of control over.
9       In the second request, plaintiff sought the California Legislative Analysis of the
10 2001-2003 Board of Prison Terms Budget Bill.  Defendants objected that this request was over
11 broad and not reasonably calculated to lead to the discovery of admissible evidence.  In the
12 motion to compel, plaintiff does not explain why he requires this document.  The court finds that
13 defendants' objections have merit.  Accordingly, the motion to compel is denied.

<u>September 1, 2006, Motion to Compel Responses to Interrogatories, No. 38</u>

15       In the motion to compel responses to interrogatories, plaintiff challenges
16 responses to interrogatories by defendants Harmon and Daly.  The at-issue interrogatories are
17 identical.
18       Several of plaintiff's interrogatories are clearly requests for production of
19 documents.  Although defendants objected to these requests because they were not properly
20 labeled, the court will not penalize plaintiff for this error.
21       Request no. 1-1(G) requested the following documents:

> No. 1: For the period from January 1990 through the present, all documents reflecting policies, procedures or practice, official or unofficial, of the board of Parole Hearing regarding hearing, finding of suitability or unsuitability for parole, the setting of parole dates and the grant or denial of parole for prisoners with life terms for convictions for first or second degree murder, including but not limited to memoranda, directives, formal or informal communications (including but not limited to letters, telephone logs, Fascmile transmissions, emails, notes, minutes, reports, instructions or tapes) or criteria and including but not limited to:

1A.  Internal Communication (one employee or member of the Board to another employee or member.

1B.  From the Governor's Office to the Board or employee or member of the Board.

1C.  To the Governor's Office from the Board or employees or members of the Board.

1D.  From the Secretary of Youth and Adult Corrections to the Board or employees or member of the Board.

1E.  To the Secretary of Youth and Adult Corrections from the Board or employees or members of the Board.

1F.  From the Department of Corrections personnel to the Board or employee or member of the Board.

1G.  To the Department of Corrections personnel from the Board or employee or member of the Board.

Defendants objected to these requests on grounds that they were over broad, compound, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

The court agrees that the requests are over broad.  For example, not every BPT internal communication from January 1990 through the present regarding parole suitability is relevant to plaintiff's claims.  It is also unclear how communications from the Department of Corrections or the Secretary of Youth and Adult Corrections are relevant to plaintiff's claim alleging a no-parole policy by defendant BPT members. Plaintiff's motion to compel does not address defendants' objections.  Accordingly, for these reasons, the motion to compel is denied as to these requests.

Interrogatory no. 2 sought "all training materials used in the training of commissioners and deputy commissioners from the years 1990 to the present regarding suitability for parole hearing for prisoners with life terms for convictions of first degree and second degree murder."  Defendants objected to this request on grounds that it was over broad, burdensome and oppressive and not reasonably calculated to lead to the discovery of admissible

3

evidence. The court agrees that the request is over broad in that not every training document is relevant to plaintiff's claim nor likely to lead to the discovery of admissible evidence. Accordingly, the motion to compel as to this request is denied.

Request no. 3 sought the name and business addresses and telephone numbers of all commissioners and deputy commissioners of the Board of Prison Terms from 1990 through the present. Defendants objected that this request is over broad, burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also objected that the request called for information protected by privacy rights of staff.

The court agrees that requiring defendants to compile the names, addresses and telephone numbers of all commissioners and deputy commissioners of the BPT from 1990 to the present would be overly burdensome. On this ground, the motion to compel as to this request is denied.

Request no. 4 sought the names and job titles of all staff members of the Board of Prison Terms/Board of Prison Hearings from 1990 to the present who have direct knowledge of the policies and or practices identified in item 1. Defendants objected that the request was compound, over broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also objected that the request called for information protected by the privacy of staff.

The court agrees that requiring defendants to obtain the names and job titles of BPT staff members for the past 16 years with knowledge of the parole policies described in interrogatory no. 1 would be overly burdensome. On this ground, the motion to compel this request is denied.

Request no. 5 sought the names, titles, business addresses and telephone numbers for personnel in the Department of Corrections for the past 16 years who may have had information pertaining to any official or unofficial BPT policy regarding criteria for considering parole suitability for prisoners serving life terms. Defendants objected that this request was

1   compound, over broad, burdensome, oppressive and not reasonably calculated to lead to the
2   discovery of admissible evidence.  Defendants also objected that the request called for
3   information protected by the privacy of staff.
4         The court agrees that requiring defendants to obtain the name and business
5   addresses for personnel in the Department of Corrections for the past 16 years who may have
6   information regarding BPT parole policies for inmates serving life terms would be overly
7   burdensome.  On this ground, the motion to compel this request is denied.
8         Request no. 6 sought the names, titles, business addresses and telephone numbers
9   for personnel in the Governor's Office for the past 16 years who may communicated with any
10  BPT member regarding any official or unofficial BPT policy concerning parole suitability for
11  prisoners serving life terms.  Defendants objected that this request was compound, over broad,
12  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible
13  evidence.  Defendants also objected that the request called for information protected by the
14  privacy of staff.
15        The court agrees that requiring defendants to obtain the name and business
16  addresses for personnel in the Governor's Office for the past 16 years who may have
17  communicated with the BPT regarding parole policies for inmates serving life terms would be
18  overly burdensome.  On this ground, the motion to compel this request is denied.
19        Request no. 7(a) sought the BPT statistics from 1990 to the present regarding the
20  number of life prisoners convicted of first or second degree murder found suitable for parole by
21  the BPT at initial or subsequent suitability hearings but who later had their date rescinded by
22  another BPT panel.  Defendants objected that the request was over broad, burdensome,
23  oppressive and not reasonably calculated to lead to the discovery of admissible evidence.
24  Without waiving objection, defendants provided plaintiff with information regarding the number
25  of prisoners paroled per year from 1995 to July 2006.
26  \\\\\

Request no. 7(a) requested information regarding the number of life prisoners who had their suitability determinations rescinded by later BPT panels. Defendants' response did not address this request. If defendants are able to provide plaintiff with information regarding the number of inmates paroled, then they should be able to obtain the information requested in no. 7(a), which could lead to the discovery of admissible evidence. Accordingly, plaintiff's motion to compel is granted with respect to interrogatory no. 7(a).

Interrogatory no. 7(b) sought the number of life prisoners convicted of first or second degree murder found suitable for parole from 1990 to the present who had their date rescinded, apparently by the Governor. Defendants objected that the request was over broad, burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objection, defendants provided plaintiff with this information for the time during which defendant Schwarzennegger was Governor.

The information sought by plaintiff may lead to the discovery of admissible evidence. Defendants do not state that they do not have access to statistics regarding rescission rates for the previous governors, i.e. from 1990 to 2003. Accordingly, the motion to compel is granted with respect to this interrogatory. Defendants shall supplement their response to interrogatory no. 7(b) as discussed above.

Interrogatory no. 7(c) sought the number of life prisoners convicted of first or second degree murder who waived their right to a parole suitability hearing from 1990 to the present. Defendants objected that this request was over broad, burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. It is unclear to the court how the information sought could lead to the discovery of admissible evidence. Plaintiff does not explain why he requires this information in the motion to compel. Accordingly, the motion to compel as to this request is denied on this ground.

Interrogatory no. 7(d) sought the number of life prisoners convicted of first or second degree murder who stipulated to a finding of unsuitability without a hearing from 1990 to

1  the present.  Defendants provided plaintiff with this information from 1998 through 2005.  The
2  court finds that defendants have adequately responded to this interrogatory.
3              Interrogatory no. 7(e) sought the number of life prisoners convicted of first or
4  second degree murder who were found unsuitable and given a date for a subsequent parole
5  hearing within one, two, three, four or five years from 1990 to the present.  Defendants objected
6  to this interrogatory on grounds that it was over broad, burdensome, oppressive, and not
7  reasonably calculated to lead to the discovery of admissible evidence.  Without waiving
8  objection, defendants provided plaintiff with this information from 1998 to 2005.  The court
9  finds that defendants adequately responded to this interrogatory.
10             Interrogatory no. 8 sought the transcripts of all suitability hearings held by the
11  BPT for life prisoners convicted of first and second degree murder from 1995 to the present.
12  Defendants objected to this interrogatory on grounds that it was over broad, burdensome,
13  oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  The
14  court agrees with defendants' objections.  The motion to compel as to this request is denied.
15             Accordingly, IT IS HEREBY ORDERED that:
16             1.  Plaintiff's September 1, 2006, motion to compel production of documents (no.
17  37) is denied;
18             2.  Plaintiff's September 1, 2006, motion to compel further interrogatories (no.
19  38) is granted as to nos. 7(a) and (b); within thirty days of the date of this order, defendants shall
20  provide plaintiff with further responses; plaintiff's motion to compel is denied in all other
21  respects.
22  DATED: 1/23/07                                         /s/ Gregory G. Hollows

                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE

wag1279.com

1  the present.  Defendants provided plaintiff with this information from 1998 through 2005.  The
2  court finds that defendants have adequately responded to this interrogatory.
3              Interrogatory no. 7(e) sought the number of life prisoners convicted of first or
4  second degree murder who were found unsuitable and given a date for a subsequent parole
5  hearing within one, two, three, four or five years from 1990 to the present.  Defendants objected
6  to this interrogatory on grounds that it was over broad, burdensome, oppressive, and not
7  reasonably calculated to lead to the discovery of admissible evidence.  Without waiving
8  objection, defendants provided plaintiff with this information from 1998 to 2005.  The court
9  finds that defendants adequately responded to this interrogatory.
10             Interrogatory no. 8 sought the transcripts of all suitability hearings held by the
11  BPT for life prisoners convicted of first and second degree murder from 1995 to the present.
12  Defendants objected to this interrogatory on grounds that it was over broad, burdensome,
13  oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  The
14  court agrees with defendants' objections.  The motion to compel as to this request is denied.
15             Accordingly, IT IS HEREBY ORDERED that:
16             1.  Plaintiff's September 1, 2006, motion to compel production of documents (no.
17  37) is denied;
18             2.  Plaintiff's September 1, 2006, motion to compel further interrogatories (no.
19  38) is granted as to nos. 7(a) and (b); within thirty days of the date of this order, defendants shall
20  provide plaintiff with further responses; plaintiff's motion to compel is denied in all other
21  respects.
22  DATED: 1/23/07                                         /s/ Gregory G. Hollows

                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE

wag1279.com