IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WAGONER,

      Plaintiff,                    No. CIV S-05-1279 DFL GGH P

   vs.

CAROL DALY, et al.,

      Defendants.        ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several discovery motions.

September 1, 2006, and October 13, 2006, Requests for Discovery

      On September 1, 2006, plaintiff filed a request for admissions, court file doc. No. 39. On October 13, 2006, plaintiff filed a request for interrogatories, court file doc. # 41, and a request for production of documents, court file doc. 42. Court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue. Accordingly, plaintiff's requests for admissions, interrogatories and production of documents are

1 disregarded.

2 <u>October 27, 2006, Motion to Compel: Defendant Harmon</u>

3     On October 13, 2006, plaintiff filed a motion requesting that requests for
4 admissions be deemed admitted.  Court file doc. # 43.  On October 27, 2006, plaintiff filed a
5 notice of withdrawal of this motion.  Court file doc. # 45.  However, in this notice of withdrawal,
6 plaintiff also moves to compel further responses to requests by admissions served on defendant
7 Harmon.  On November 17, 2006, defendants filed an opposition to this motion.  Court file doc.
8 # 48.

9     As observed by defendants, plaintiff's motion did not contain the precise requests
10 at issue nor the responses which were challenged, as required by Local Rule 37-251.  However,
11 because defendant generously attached the at-issue requests and responses to their opposition, the
12 court will consider the merits of plaintiff's motion.

13     Request no 3 states, "R. Harmon was acting in the scope of his duty as a Deputy
14 Commissioner during the alleged Civil Rights violations complained of in this action or at Keith
15 Wagoner's parole suitability hearing on May 20, 2004."  Without waiving objection, defendant
16 admitted that he was acting within the scope of his employment while conducting plaintiff's May
17 20, 2004 suitability hearing.  Plaintiff argues that this response is "insufficient."  The court finds
18 that defendant has adequately responded to this request.

19     Request no. 4 states, "R. Harmon, you voted to deny plaintiff parole for 3 years."
20 Defendant objected that the request was vague as to time.  Without waiving objection, and
21 assuming the request was referring to plaintiff's May 20, 2004, suitability hearing, defendant
22 admitted the request.  Plaintiff argues that defendant's objections are "insufficient" and the
23 answer improper.  The court finds that defendant has adequately responded to this request.

24     Request no. 5 states, "During the May 20, 2004, hearing, one of the stated reasons
25 for denial was in your opinion a psychological report, which was unsupportive of parole."
26 Defendant objected that this request was compound and lacked foundation.  Without waiving

1  objection, defendant admitted that on May 20, 2004, plaintiff was denied parole because he
2  posed an unreasonable risk of danger to society, and that the Board based its findings on several
3  factors which included the psychological report.  Plaintiff objected that the response was
4  "insufficient."  The court finds that defendant adequately answered this request.

5        Request no. 6 states, "The reasoning of that denial, referring to question no. 5 was
6  subsequently rejected as being unsupported by the evidence in Los Angeles County Superior
7  Court, and in United States District Court for the Central District of California, by the Honorable
8  George King."  Without waiving objections, after conducting a reasonable inquiry, defendant
9  responded that he did not have sufficient knowledge or information to either admit or deny this
10 request.

11       Plaintiff argues that this response is "insufficient" because he submitted the ruling
12 of the Superior Court.  Attached as an exhibit to the amended complaint is an order by Los
13 Angeles Superior Court Judge Wesley dated April 4, 2005, rejecting that BPT's finding of
14 unsuitability based on plaintiff's psychological report.  Based on this order, defendant shall
15 provide a further response to this request.

16       Request no. 7 states, "Again in reference to number (5), you used a supportive
17 psychological report to deny Keith Wagoner's parole suitability."  Defendant denied this request.
18 Plaintiff argues that this response is "insufficient.  The court finds that defendant adequately
19 responded to this request.

20       Request no. 8 states, "In reference to number 5, you have at other times used a
21 psychological report that was deemed supportive of release, by clinicians to deny a prisoner at a
22 parole suitability hearing."  Without waiving objection, defendant denied this request.  Plaintiff
23 argues that this response is "insufficient."  The court finds that defendant adequately responded
24 to this request.

25       Request no. 9 states, "Admit (in reference to number 5), you have used this line of
26 reasoning in prior parole suitability hearing for other life term inmates convicted of first or

3

1  second degree murder and subsequently to Mr. Wagoner's parole suitability hearing." Defendant
2  objected that the request was vague, compound and lacked foundation. Defendant objected that
3  "this line of reasoning" was so vague that he could not respond. Plaintiff argues that this
4  response is "insufficient." The court agrees that the request is vague. Defendant is not required
5  to provide an additional response.

6  Request no. 10 states, "Admit (in reference to number 5), that another one of your
7  unsupported reasons for denial was 'unstable social history' which was also rejected by Superior
8  Court of Los Angeles and United States District Court, the Honorable Judge George King."
9  Without waiving objection, defendant denied that the BPT's decision finding petitioner
10 unsuitable was unsupported. Defendant further responded that after conducting a reasonable
11 inquiry, he did not have sufficient knowledge to admit or deny the remaining parts of this
12 request. Based on Judge Wesley's order cited above, defendant shall provide a further response
13 to this request.

14 Request no. 11 states, "In reference to number 10, admit that you have acting in
15 your job title a Deputy Commissioner for the Board of Prison Hearing, used this reasoning to
16 deny other people candidates parole suitability." Defendant objected that the request was vague
17 and ambiguous. Plaintiff argues that defendant's objections are improper. Defendant's
18 objections have merit. Accordingly, no further responses is required.

19 Request no. 12 states, "Admit that you (in reference to number 10) denied
20 otherwise suitable candidates parole, under the 'unstable social history' factor found in CCR,
21 Division II, Title 15." Without waiving objections, defendant denied this request. Plaintiff
22 argues that defendant's objections are improper. Defendant adequately responded to this request.

23 Request no. 13 states, "Admit that these policies (in reference to numbers 5 and
24 10) would be illegal and considered an impermissible under ground policy, if in fact you had no
25 supporting evidence to do so." Defendant objected that the request was compound, vague, and
26 called for a legal conclusion. Plaintiff argues that defendant's objections lack merit.

Defendant's objections are proper. No further response is required.

Request no. 14 states, "Admit that your training policy allows you to do what you in your opinion is correct, during parole suitability hearing for life term inmates convicted of first as well as second degree murder, due to you unlimited discretion doctrine." Without waiving objection, defendant denied this request. Plaintiff argues that defendant's response is inadequate. The court disagrees and find that defendant adequately responded to this request.

Request no. 15 states, "Admit that you sat on a parole suitability hearing of Carl Irons, D-05879, on March 20, 2002. A prisoner convicted of second degree murder who subsequently had a Board of Prison Hearing decision overturned in Federal Court due to abuse of his due process rights." Defendant responded that after conducting a reasonable inquiry, he did not have sufficient knowledge or information to either admit or deny this request. Plaintiff argues that this response is inadequate. The court finds that defendant had adequately responded to this request.

Request no. 16 states, "At Mr. Irons parole suitability hearing, you were quoted saying, 'I really believe at some point your going to walk out of prison. But you left me today with a feeling. The best analogy that I could give you right now is that in a baseball game you crossed first, second, and missed third on your way home.' Admit those are your words." Defendant responded that after conducting a reasonable inquiry, he did not have sufficient knowledge or information to admit or deny this request. Plaintiff argues that this response is inadequate. The court finds that defendant has adequately responded to this request.

Request no. 17 asks, "In reference to number (16) would this be an accurate assessment to best describe the way you view a persons civil and constitutional rights, that may sit before you with his life in the balance, as a baseball game." Without waiving objection, defendant denied this request. Plaintiff argues that this response is inadequate. The court finds that defendant adequately responded to this request.

Request no. 19 states, "In reference to number 16, do you know or did you know,

1  that as a Board of Prison Hearing Deputy Commissioner, that you don't have the authority vested
2  by statute or regulation to do this.  Do you also know that Federal Laws prohibit you from
3  denying parole based on a persons religious beliefs." Defendant objected that this request was
4  compound, vague and argumentative.  Plaintiff argues that defendant's objections are improper.
5  Defendant's objections have merit.  No further response is required.

6  Request no. 21 states, "You also used a CDC 115 to deny the plaintiff parole, in
7  your opinion was serious enough to warrant denial."  Defendant responded, without waiving
8  objection, that in finding plaintiff unsuitable, his disciplinary infractions were considered when
9  assessing his behavior and ability to program while incarcerated.  Plaintiff argues that
10 defendant's objections are improper.  The court finds that defendant had adequately responded to
11 this request.

12 Request no. 22 states, "Did this rule violation encompass violence and where is
13 ths statute, regulation, or anywhere in you training authorize you to use such a CDC 115 to deny
14 parole?"  Defendant objected that this request appeared to be an interrogatory.  Defendant's
15 objection has merit.  No further response is required.

16 <u>October 27, 2006, Motion to Compel: Defendant Daly</u>

17 In the October 27, 2006, motion to compel, court file doc. # 46, plaintiff objects
18 to defendant Daly's responses to request for admissions.  Defendants' November 17, 2006,
19 opposition, court file doc. # 48, addresses this motion.

20 Request no. 25 states, "Is it correct that the reasons for denial in the plaintiff's
21 case was 'unstable social history."  Defendant admitted that on May 20, 2004, plaintiff was found
22 unsuitable for a variety of reasons including unstable social history.  Plaintiff argues defendant's
23 objections are improper.  Defendant did not object to this request.

24 Request no. 26 states, "In reference to # 25, are you aware that the Los Angeles
25 Superior Court and the United States District Court for the Central District found no evidence
26 that substantiates the reasoning for the denial."  Without waiving objection, defendant stated that

1  after conducting a reasonable inquiry, he did not have sufficient knowledge to admit or deny this
2  request.  Based on Judge Wesley's order discussed above, defendant shall provide a further
3  response.
4        Request no. 27 states, "At the May 20, 2004, parole suitability hearing, did you
5  also deny parole for the stated reason 'not totally supportive psychological report.'"  Defendant
6  admitted that plaintiff was found unsuitable, in part, based on psychological reports that were not
7  entirely supportive of release.  Plaintiff argues that defendant's objections are improper.
8  Defendant did not specifically object to this request.
9        Request no. 28 states, "Are you aware that the California Superior Court and the
10 United States District Court for the Central District rejected this reasoning as lacking some
11 evidence."  Defendant objected that this request was compound, vague and lacked foundation.
12 Defendant also responded that after a reasonable inquiry, responding party did not have sufficient
13 knowledge or information to admit or deny the request.  Because this request is vague, no further
14 response is required.
15       Request no. 29 states, "If you had the opportunity to hold that hearing again,
16 would you vote the same ay or are the courts wrong in this case?"  Defendant objected that this
17 request was argumentative as well as an interrogatory.  Because these objections have merit, no
18 further response is required.
19       Request no. 30 states, "You do feel that the training you received while working
20 for the Board of Prison Hearing adequately prepared you to fulfill your assigned duties?"
21 Defendant responded, without waiving objection, that she received adequate training.  Plaintiff
22 argues that defendant's objections are without merit and that defendant should be compelled to
23 answer.  Because defendant's admission is adequate, no further response is required.
24       Request no. 31 states, "You also denied Keith Wagoner on May 20, 2004, because
25 of a serious rules infraction."  In the response, defendant states that plaintiff was found unsuitable
26 based on a variety of factors including his ability to program while incarcerated, that do not

include a serious rules infraction. Except as expressly admitted, defendant denies this request.

Defendant's response is sufficient.

Request no. 32 states, "In your opinion, the CDC 115 plaintiff received had a nexus to the plaintiff being a threat to the public safety at the time of the hearing." Without waiving objection, defendant responded that "plaintiff was denied parole because he posed an unreasonable risk of danger to society. One of the considerations in reaching that conclusion was plaintiff's behavior and ability to program during incarceration." Defendant's response does not specifically admit or deny whether she found that plaintiff's 115 demonstrated that he posed a threat to public safety. Defendant shall provide a further response to this request.

Request no. 33 states, "In what manner would this rules violation cause the plaintiff to be dangerous upon release and thus be consistent with the requirement of extending plaintiff's term." Defendant objected that this request appeared to be an interrogatory. Because this objection has merit, no further response is required.

Request no. 35 states, "Did you also act as Commissioner in the parole suitability hearing of Carl Irons, D-05879, on 11-2-2004." Request no. 36 states, "Did you also deny Carl Irons parole for similar reasons, specifically because of a CDC 115 of a non violent nature?" Request no. 37 asks, "Again are you aware that those reasoning for denying Carl Irons, who also overturn in the United States Court for the Eastern District of California."

Defendant responded to request nos. 35-36, "After conducting a reasonable inquiry, responding party does not have sufficient knowledge to either admit or deny this request." The court finds that defendant has adequately responded to these requests.

<u>October 13, 2006, Motion for Sanctions</u>

On October 13, 2006, plaintiff filed a motion for sanctions. Court file doc. # 44. Plaintiff argues that responses to interrogatories served on defendant Schwarzennegger were not verified by defendant himself. The interrogatories, which sought statistical information regarding parole for inmates serving life sentences, were verified by Michael Laidlaw, an

8

employee of defendants' office. In his verification, Mr. Laidlaw states that part of his regular duties include compiling statistical data for defendant Scharzennegger. See Motion for Sanctions. On November 2, 2006, defendants filed an opposition to this motion. Court file doc. # 47.

Plaintiff, who seeks injunctive relief only, is suing defendant Schwarzennegger in his official capacity. As such, verification of the interrogatories by Mr. Laidlaw is proper. See Fed. R. Civ. P. 33(a)(if party served is a public agency, interrogatories may be answered by officer of the public agency). Accordingly, plaintiff's motion for sanctions is without merit.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 1, 2006, request for admissions, October 13, 2006, request for interrogatories, and October 13, 2006, request for production of documents are disregarded;

2. Plaintiff's October 27, 2006, motion to compel, contained in his notice of withdrawal, is granted as to nos. 6 and 10; within thirty days of the date of this order, defendants shall provide plaintiff with a further response; plaintiff's motion is denied in all other respects;

3. Plaintiff's October 27, 2006, motion to compel is granted as to request nos. 26 and 32; within thirty days of the date of the date of this order, defendants shall provide a further response; plaintiff's motion is denied in all other respects.

4. Plaintiff's October 13, 2006, motion for sanctions is denied.

DATED: 1/23/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

wag1279.cla