1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH WAGONER,

11              Plaintiff,                    No. CIV S-05-1279 RRB GGH P

12        vs.

13   CAROL DALY, et al.,

14              Defendants.            <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed March 13, 2007.

18        To put plaintiff's motion in context, the following background information is

19   relevant.  This action is proceeding on the amended complaint filed December 7, 2005, as to

20   defendants Schwarzennegger, Harmon and Daly.  Plaintiff alleges that defendants have promoted

21   an illegal policy of denying parole to prisoners serving life sentences.

22        Plaintiff seeks to compel further responses to his second request for production of

23   documents and his second set of interrogatories addressed to defendant Schwarzennegger.

24        Interrogatory no. 9 asks, "What were the total number of parole suitability

25   hearings held for male and female prisoners convicted of first and second degree murder from the

26   period of January 1991 to September 2006."  Defendant answered the interrogatory by providing

1

plaintiff with information regarding the number of suitability hearings held from 1998 through November 2006 for inmates convicted of second degree murder.  Plaintiff objects that defendant did not provide information for 1991-1997.  However, plaintiff has not shown good cause to require defendant to provide statistical data for 1991-1997.  Plaintiff also objects that defendant did not break the number of suitability hearings down for male and female prisoners. Interrogatory no. 9 did not clearly request a breakdown by gender.  The motion to compel as to this request is denied.

Interrogatory no. 10 asked, "What were the total number of parole grants to prisoners convicted of first and second degree murder, that were rescinded by the Governor, from the years of 1991 to present (yearly figures)."  Defendant answered this interrogatory by providing plaintiff with the requested information for the years 2003-2006, i.e. the time during which defendant has been Governor.  Plaintiff objects that defendant did not provide information regarding suitability hearings from 1991-2002.  The court finds that plaintiff has not shown good cause to require defendant to provide statistical date for 1991-2002.  The motion to compel as to this request is denied.

Interrogatory no. 11 asked, "What were the total number of prisoners convicted of first degree murder male or female, that were actually released upon parole during the period of January 1991 to September 2006."  Defendant answered this interrogatory by providing the information requested for the years 1995-2006.  Plaintiff objects that defendant did not provide information regarding first degree murderers released on parole from 1991-1994.  The court finds that plaintiff has not shown good cause to require defendant to provide statistical data for 1991-1994.  The motion to compel as to this request is denied.

Interrogatory no. 12 asked, "What were the total number of prisoners convicted of second degree murder, that were actually released upon parole from January 1991 to September 2006 (yearly figures)."  Defendant answered this interrogatory by providing the information requested for the years 1995-2006.  Plaintiff objects that defendant did not provide information

1    regarding first degree murders released on parole from 1991-1994.  The court finds that plaintiff

2    has not shown good cause to require defendant to provide statistical data for 1991-1994.  The

3    motion to compel as to this request is denied.

4            Interrogatory no. 13 asks, "What were the number of prisoners, convicted of first

5    or second degree murder, that had their base term set one year prior to their MEPD [minimum

6    eligible parole date] (yearly figures since 1991)."  Defendant objects that plaintiff is not claiming

7    that the procedural mechanisms, such as the setting of the MEPD, are responsible for the alleged

8    no parole policy.  For this reason, defendant argues that the information sought in interrogatory

9    13 is not reasonably calculated to lead to admissible evidence.  The court agrees.  The motion to

10    compel as to this interrogatory is denied.

11            Plaintiff moves to compel defendant to provide additional responses to

12    interrogatories nos. 17, 18 and 19.  In the opposition, defendant objects that these interrogatories

13    exceed the limit of 25 interrogatories.  Fed. R. Civ. P. 33(a).  Defendant states that although

14    plaintiff's first set of interrogatories contained eight questions, interrogatory no. 1 contained

15    seven discreet subparts.  See Exhibit B to defendants' opposition.  Therefore, defendant argues,

16    plaintiff's first set of interrogatories actually contained nineteen interrogatories.  Absent leave of

17    court, defendant contends, plaintiff was permitted only six additional interrogatories.  Therefore,

18    defendant argues that he properly objected to interrogatories nos. 15-19 as exceeding the limit of

19    25.

20            Because the interrogatories will be denied on their merits, the court will not

21    address the procedural objection.

22            Interrogatory no. 17 states,

23    I am requesting the names of all Commissioners assigned to the B.P.T./B.P.H.
from the period of January 2000 until the present.

24    (A) Plaintiff requests a listing of all Deputy Commissioners from January 2000 to
present.

25    (B) Plaintiff is requiring biographical backgrounds on all Commissioners and
Deputy Commissioners that were employed by the B.P.T./B.P.H. from January

26    2000 to the present.  Those backgrounds should include where they were

employed for the last (10 years) prior to being employed by B.P.T./B.P.H.
(C) Plaintiff also seeks names and secretaries and clerks that have worked for the Governor's Office from the year 2000 to the present.

Defendant objected to this request on grounds that it was overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence and violated the privacy rights of the commissioners and deputy commissioners.

Plaintiff has not demonstrated how the information sought is reasonably calculated to lead to the discovery of admissible evidence.  The employment histories of the Commissioners and Deputy Commissioners is not particularly relevant.  Neither are the names of the secretaries to the Governor for the past 6 years.  Accordingly, the motion to compel as to this interrogatory is denied.

Interrogatory no. 18 asks, "Are you aware of any underground policies–meaning policies that were not adopted pursuant to California Penal Code § 5076.2; Government Code § 11340, 11342.600, that are currently being or been used in the past."  Defendant objected that the request was vague, ambiguous, overbroad, compound and lacks foundation.  The court agrees that the request is compound and lacks foundation.  Accordingly, the motion to compel as to this request is denied.

Interrogatory no. 19 asks,

Has the Office of Administrative Law (O.L.A.) pursuant to 11340.5 of the Government Code ever gave the B.P.T./B.P.H., the Governor, C. Daly, R. Harmon, the authority to utilize, issue, enforce or attempt to enforce the following:

(A) That Commissioners or Deputy Commissioners from the B.P.T./B.P.H. be allowed to substitute their opinion for that of a trained psychologist.

(B) Has that office ever given the authority to a Commissioner or Deputy Commissioner to use a C.D.C. 115 that was not of a serious nature (as those described in C.C.R. Division II, Title 15, § 2451) for reasoning to find anyone unsuitable who appears in front of the B.P.H. for a suitability hearing.

(C) Order an additional psychological report once a person appearing before you has been cleared for parole by a psychologist.

(D) Pursuant to California Penal Code § 5079, wouldn't it be clear that only the

Director of Corrections can modify, or reject the recommendations as he/she sees fit.

(E) Can any of the defendants specifically C. Daly and R. Harmon indicate where they get the authority to act as the Director of Corrections.

Defendant objected to this interrogatory on grounds that it was compound, lacked foundation, called for speculation, was overbroad, vague, ambiguous, argumentative and not reasonably calculated to lead to the discovery of admissible evidence.

The court agrees that interrogatory no. 19 is argumentative.  For example, plaintiff's request for information regarding whether the Commissioners were allowed to substitute their opinions for that of a trained psychologist is clearly argumentative.  The motion to compel as to this request is denied.

Request for production of documents no. 1 seeks the following information regarding each Board of Prison Terms (BPT) Commissioner currently serving on the BPT: 1) where each commissioner worked within the last 25 years; 2) the political party affiliation of each commissioner.  Defendants objected that the information sought was overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving objection, defendants responded that they did not have the documents sought in their possession, custody or control.  In the motion to compel, plaintiff insists that defendants possess the requested documents.  Defendants representation that they do not possess these documents is credible.  The court cannot order defendants to produce documents that do not exist.  Accordingly, the motion to compel as to this request is denied.

Request no. 2 seeks, "Rule making file, scope of Article 2400, C.C.R. Division II, Title 15, September 9, 1981.)  Request no. 4 seeks the rule making file for C.C.R. Division II, Title 15, section 2324.  Request no. 5 seeks the rule making file for C.C.R. Division II, Title 15, section 2402.  Request no. 6 seeks the rule making file for C.C.R. Division II, Title 15, section 2451.

\\\\\

Defendants object that plaintiff is not claiming that they misunderstood or misapplied any of the laws listed above.  Rather, plaintiff claims that defendants knowingly subverted the California parole system to prevent convicted murderers from being released.  For this reason, defendants argue that the statutory interpretation of California's parole laws are not at issue.  The court agrees.  The motion to compel as to request nos. 2, 4, 5 and 6 is denied on grounds that the information sought is not reasonably calculated to lead to the discovery of admissible information.

On February 9, 2006, defendants filed a summary judgment motion.  On March 13, 2007, plaintiff filed an opposition to defendants' motion.  On April 27, 2007, plaintiff filed a pleading requesting that the court defer ruling on defendants' motion until the pending motion to compel is resolved.   Because the motion is resolved by this order, defendants' summary judgment motion is submitted for decision.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's March 13, 2007, motion to compel is denied;

2.  Defendants' summary judgment motion field February 9, 2007, is submitted for decision.

DATED: 6/20/07                                    /s/ Gregory G. Hollows

_____

UNITED STATES MAGISTRATE JUDGE

wag1279.com(2)